IN THE COURT OF APPEALS OF TENNESSEE

FILED

**September 29, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,           ) C/A NO. 03A01-9701-CV-00002
DEPARTMENT OF HUMAN SERVICES, )
                              )
       Plaintiff-Appellee,    )
                              )
                              )
                              ) APPEAL AS OF RIGHT FROM THE
v.                            ) HAWKINS COUNTY JUVENILE COURT
                              )
                              )
                              )
                              )
REBECCA WALLACE RUSSELL,      )
                              ) HONORABLE JOHN S. ANDERSON,
       Defendant-Appellant.)  JUDGE


For Appellant                 For Appellee

MARK A. SKELTON               JOHN KNOX WALKUP
Rogersville, Tennessee        Attorney General and Reporter
                              Nashville, Tennessee

                              DOUGLAS EARL DIMOND
                              Assistant Attorney General
                              General Civil Division
                              Nashville, Tennessee


MEMORANDUM OPINION


AFFIRMED AND REMANDED                        Susano, J.

The trial court terminated the parental rights of Rebecca Wallace Russell ("Mother") in and to her minor child, Kayla Michelle Wallace, whose date of birth is February 10, 1993. Mother appealed, arguing that the evidence preponderates against the trial court's determination that there is clear and convincing evidence that termination is in the child's best interest and that one or more of the conditions set forth in T.C.A. § 37-1-147(d)(1)(A)-(C) (Supp. 1995)[1] exist in this case. We affirm.

A parent has a fundamental right to the care, custody and control of his or her child. **Stanley v. Illinois**, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). However, this right is not absolute; it may be terminated if there is clear and convincing evidence justifying such termination under the applicable statute. **Santosky v. Kramer**, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). In the instant case, we are called

---

[1] At the time of the hearing below, i.e., May 18, 1995, T.C.A. § 37-1-147(d) provided, in pertinent part, as follows:

> After hearing evidence on a termination petition, the court may terminate parental rights if it finds on the basis of clear and convincing evidence that termination is in the child's best interest and that one (1) or more of the following conditions exist:
>
> (1) The child has been removed from the custody of the parent by the court for at least one (1) year and the court finds that:
>
> (A) The conditions which led to the removal or other conditions which in all reasonable probability would cause the child to be subjected to further abuse or neglect and which, therefore, prevent the child's return to the care of the parent(s) still persists;
>
> (B) There is little likelihood that these conditions will be remedied at an early date so that the child can be returned to the parent in the near future; and
>
> (C) The continuation of the legal parent and child relationship greatly diminishes the child's chances of early integration into a stable and permanent home;....

upon to determine whether the evidence preponderates against the trial court's finding that there is clear and convincing evidence in the record (a) that termination of Mother's parental rights is in the best interest of the child, and (b) that one or more of the conditions set forth in T.C.A. § 37-1-147(d)(1)(A)-(C) (Supp. 1995) exist in this case. *See* Rule 13(d), T.R.A.P.

We have carefully reviewed the record in this case. The evidence does not preponderate against the trial court's findings. On the contrary, we find clear and convincing evidence in the record that termination of Mother's parental rights is in the best interest of Kayla Michelle Wallace; that the child was removed from Mother in May, 1993, more than one year prior to the hearing below; and that one or more of the conditions set forth in T.C.A. § 37-1-147(d)(1)(A)-(C) (Supp. 1995) exist.

We affirm this case pursuant to the provisions of Rule 10(b), Ct. of App. R.[2] Costs on appeal are taxed against the appellant. This case is remanded to the trial court for enforcement of its judgment and collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

_____

[2]Rule 10(b), Ct. of App. R., provides as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

3

CONCUR:

_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.

5